**EMERGENCY FILING COVER LETTER** United States District Court District of New Jersey – Camden Vicinages

Nah Albert S.
Fiduciary Agent for ALBERT NAH
9 Crescent Rd.
Willingboro, NJ 08046
609-346-2245
Albertnah@yahoo.com



RECEIVED
MAY 15 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**TO:** Clerk of the Court
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**RE: Emergency Civil Filing – Request for Fee Waiver and Immediate Review**

Dear Honorable Clerk,

Please find enclosed the following documents in support of an **Emergency Civil Complaint** being submitted for immediate review and without prepayment of fees due to financial hardship:

1. Emergency Declaration (Request for Immediate Review)
2. AO 239 Form – Application to Proceed In Forma Pauperis
3. Civil Complaint (with Exhibits)
4. Civil Cover Sheet (JS-44)
5. Summons for Defendants
6. Affidavit of Truth
7. Emergency Motion for Immediate Review

The matter concerns the ongoing obstruction of a fiduciary settlement instrument tendered in accordance with federal commercial law and trust principles. Time-sensitive financial entitlements are at risk, and the Principal faces irreparable harm due to institutional inaction.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY: CAMDEN VICINAGE

ALBERT NAH
**Plaintiff,**

vs.

CARVANA CO.
**Defendant.**

CASE NO.: [To Be Assigned]

RECEIVED
MAY 15 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**EMERGENCY COMPLAINT: BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING**
**EQUITABLE RELIEF SOUGHT: SPECIFIC PERFORMANCE, DECLARATORY JUDGMENT AND MONETARY DAMAGES**

**Plaintiff, ALBERT NAH,** brings this Complaint against Defendant, CARVANA CO., and alleges as follows:

---

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 2201 (Declaratory Judgment Act). The claims arise under federal law, including but not limited to:

    - 12 U.S.C. § 504 (Section 29 of the Federal Reserve Act) – Civil money penalties for misconduct involving financial instruments;

    - 15 U.S.C. § 1605 (Truth in Lending Act) – Defining finance charges and consumer obligations;

    - The Uniform Commercial Code, as adopted in New Jersey, specifically Articles 1, 3, and 9 (codified under N.J. Stat. Ann. §§ 12A:1-101 et seq., 12A:3-101 et seq., and 12A:9-101 et seq.), governing secured transactions, negotiable instruments, and commercial performance.

2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in New Jersey. Defendant regularly transacts business in New Jersey, where Plaintiff resides, and where the relevant contract was initiated and intended to be performed.

## PARTIES

3. Plaintiff, ALBERT NAH, is a resident of Willingboro, New Jersey, residing at 9 Crescent Rd., Willingboro, NJ 08046.

4. Defendant, CARVANA CO., is a business entity incorporated in Delaware and authorized to conduct business in multiple states. Its principal place of business is located at 300 E Rio Salado Pkwy Bldg. 1, Tempe, AZ 85281. Carvana Co.'s registered agent for service of process in Delaware is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

## FACTUAL ALLEGATIONS

5. On March 11, 2025, Plaintiff sent Carvana a complete purchase and security package via certified mail. This included a Vehicle Purchase Agreement & Security Agreement (Exhibit A), Notice of Tender of Performance (Exhibit B), Notice of Intent to Establish Power of Attorney, and a Durable Power of Attorney (Exhibit C), relating to the purchase of:

    - 2024 Porsche Cayenne
    - VIN: WP1BA2AY6RDA51447
    - Stock Number: 2003483077
    - Purchase Price: $81,990

6. Defendant received the initial package on March 17, 2025.

7. The plaintiff provided a negotiable instrument with a restrictive indorsement as tender of payment, in accordance with UCC § 3-603, to satisfy all contractual obligations associated with the transaction.

8. On March 12, 2025, Plaintiff filed a UCC-1 Financing Statement perfecting a security interest in the vehicle. A second certified mailing to Carvana included: (a) Notice of Filing of the UCC-1, (b) the UCC-1 Financing Statement (Exhibit E), and (c) a Notice of Inclusion for Finance Charge Add-ons (Exhibit F).

9. As of March 18, 2025, Carvana had neither acknowledged nor responded to Plaintiff's submissions and failed to perform its contractual obligations.

10. On March 31, 2025, Plaintiff issued a Notice of Default and Opportunity to Cure (Five-Day Notice) (Exhibit G), formally alerting Defendant of its breach and providing an opportunity to cure. Carvana did not respond or remedy the default.

11. On April 7, 2025, Plaintiff issued a Final Demand for Resolution (Three-Day Notice) (Exhibit H) reiterating Carvana's non-compliance and offering one last opportunity to resolve the matter without legal action.

12. Plaintiff also filed a UCC-3 Financing Statement Amendment (Exhibit I) documenting Carvana's default. This filing was accompanied by the aforementioned notices and served to reinforce Plaintiff's secured interest and evidence continued non-performance.

## EXHIBITS AND SUPPORTING DOCUMENTS

- **Exhibit A [1-3]: Vehicle Purchase Agreement & Security Agreement [Negotiable Instrument] (Submitted 03/11/2025; Received 03/17/2025)**
- **Exhibit B [1-3]: Notice of Tender of Performance (Received 03/17/2025)**
- **Exhibit C [1-10]: Durable Power of Attorney and Cover Letter (Received 03/17/2025)**
- **Exhibit D [1-2]: Certified Mail Receipts and Delivery Confirmations (03/17/2025, 3/18/2025, 3/31/2025, 04/7/2025)**
- **Exhibit E [1-6]: UCC-1 Financing Statement [#57654863] and Cover Letter (Filed 03/12/2025; Received 03/18/2025)**
- **Exhibit F [1-5]: Notice of Inclusion of Finance Charge Add-ons (Received 03/18/2025)**
- **Exhibit G [1-2]: Notice of Default and Opportunity to Cure (Five-Day Notice) (Received 03/31/2025)**
- **Exhibit H [1-2]: Final Demand for Resolution (Three-Day Notice) (Received 4/7/2025)**
- **Exhibit I [1-4]: UCC-3 Financing Statement Amendment (Filed 3/28/2025; Received 3/31/2025)**
- **Exhibit K [1-2]: Plaintiff Court Fee Schedule**

## CAUSES OF ACTION

### COUNT I – BREACH OF PERFORMANCE

13. Plaintiff incorporates paragraphs 1 through 12 by reference.

14. On March 11, 2025, Plaintiff submitted a complete purchase and security agreement package to Defendant, including a properly endorsed negotiable instrument, Vehicle Purchase Agreement, Durable Power of Attorney, and supporting commercial documents to perfect performance under the contract.

15. The package was received by Defendant on March 17, 2025, and the security interest was perfected by UCC-1 Financing Statement filed on March 12, 2025, demonstrating lawful tender and enforceable contract rights.

16. Plaintiff's performance was complete upon tender of payment and filing of all relevant documents, satisfying all essential obligations required under the agreement.

17. Defendant failed to acknowledge, honor, or respond to the tender of performance, and has taken no action to fulfill its reciprocal obligation under the contract, including transfer of title or recognition of secured interest.

18. Plaintiff issued a Notice of Default and Opportunity to Cure on March 31, 2025, and a Final Three-Day Demand for Resolution on April 7, 2025. Defendant failed to cure or respond.

19. Plaintiff subsequently filed a UCC-3 Financing Statement Amendment to reinforce the secured position and record continued non-performance.

20. Defendant's inaction and continued dishonor constitute a material breach of performance under the agreement.

21. Plaintiff seeks an order compelling specific performance, requiring Defendant to fulfill its obligation by completing the transaction and transferring title to the secured property.

**COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

22. Plaintiff incorporates paragraphs 1 through 21 by reference.

23. Implied in every contract governed by commercial and equitable law is a covenant of good faith and fair dealing. This covenant obligates all parties to act honestly, fairly, and in good faith so as not to destroy or injure the right of the other party to receive the benefits of the agreement.

24. Plaintiff submitted a valid and lawful tender of performance on March 11, 2025, which included a properly endorsed negotiable instrument, a Vehicle Purchase Agreement, a perfected UCC-1 Financing Statement, and a Durable Power of Attorney—all executed in good faith and with full disclosure to Defendant.

25. Defendant received said documents via certified mail and had full opportunity to cure or object. However, Defendant failed to respond, remained silent, and took no steps to perform or acknowledge the tendered security instrument.

26. Plaintiff issued a Five-Day Notice of Default and Opportunity to Cure on March 31, 2025, followed by a Final Three-Day Demand on April 7, 2025. These notices provided Defendant multiple opportunities to resolve the matter privately and avoid legal escalation.

27. Defendant's continued silence, failure to perform, and disregard for contractual fairness constitute a breach of the covenant of good faith and fair dealing.

28. Defendant's conduct reflects a willful evasion of contractual obligations and a lack of commercial honor, resulting in harm to Plaintiff's equitable and secured position, and undermining the integrity of the transaction.

29. Plaintiff seeks judicial recognition of Defendant's breach of this covenant and appropriate equitable and compensatory relief.

---

## DAMAGES

30. Plaintiff incorporates paragraphs 1 through 29 by reference.

31. Carvana's breach of contract has caused Plaintiff economic, procedural, and emotional harm, including but not limited to:

- Emotional distress resulting from vehicle inaccessibility and the uncertainty associated with ongoing transportation issues.
- Disruption to daily responsibilities and peace of mind due to the prolonged lack of reliable mobility.
- Loss of use and enjoyment of the vehicle
- Administrative and filing expenses
- Legal and enforcement costs

32. Plaintiff seeks monetary damages consistent with:

- 12 U.S.C. § 504 (Federal Reserve Act § 29), which authorizes the Comptroller of the Currency (OCC) to assess and collect civil money penalties in the case of misconduct by a federally regulated financial party or institution. Plaintiff respectfully requests that the Court recognize this statutory penalty authority and direct any portion due to the federal treasury to be assessed and collected accordingly.
- UCC Article 3 – Negotiable Instruments, specifically:
    - UCC § 3-502 (Dishonor), where failure to honor a properly presented instrument constitutes legal dishonor;

- o UCC § 3-305 and § 3-412, which permit the enforcement of the instrument against the obligated party;
- o And UCC § 3-604 (Discharge by Cancellation or Payment).

Plaintiff asserts his right as the holder in due course of the tendered negotiable instrument to enforce its value and seeks compensatory monetary relief and restitution of value dishonored by Defendant's non-performance. The Court is respectfully urged to assess monetary damages payable to both the Plaintiff (for personal and contractual harm) and the Office of the Comptroller of the Currency (OCC) (for regulatory breach and monetary enforcement), consistent with statutory and commercial obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant the following relief:

1. An order requiring specific performance, compelling Carvana to transfer the vehicle;
2. A declaratory judgment affirming Plaintiff's legal rights and Carvana's default;
3. Award damages in excess of $75,000, including compensatory and punitive damages;
4. Such further relief as the Court deems appropriate.

## VERIFICATION AND DECLARATION

**I, ALBERT NAH,** under penalty of perjury, do hereby declare that I am the Plaintiff in the above-captioned matter, that I have read the foregoing Complaint and know the contents thereof, and that the same is true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 12th day of May, 2025.

Albert Nah

Respectfully submitted, *albert Nah*

ALBERT NAH
9 Crescent Rd, Willingboro, NJ 08046
Albertnah@yahoo.com
(609) 346-2245