UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT NAH,<br><br>      Plaintiff,<br><br>  v.<br><br>CARVANA, CO.,<br><br>      Defendant. | Case No. 25–cv–04300–ESK–SAK<br><br>OPINION & ORDER |

    **THIS MATTER** having come before the Court on the renewed application (Application) of *pro se* plaintiff Albert Nah to proceed *in forma pauperis* (IFP) (ECF No. 4) after the Court denied plaintiff's initial IFP application without prejudice (ECF No. 3); and plaintiff having brought this action against defendant Carvana Co. by filing an "Emergency Civil Complaint" (Complaint) and "Emergency Motion" (*see* ECF No. 1 pp. 2–7; ECF No. 1–1; ECF No. 1–6); and the Court finding,

    1.    Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

    2.    Plaintiff's affidavit in support of the Application fails to sufficiently establish his inability to pay the Court's fees. Plaintiff claims that he "is not employed and does not derive income through wages, salary, or traditional employment." (ECF No. 4 p. 1.) Instead, he explains that he "operates under a lawful structured financial position utilizing secured credit instruments, entitlements, and financial leverage for lawful tender." (*Id.*) While plaintiff indicates that he receives "no regular income … that would qualify under traditional income guidelines" (*id.*), I am unable to discern what this means. Given the ambiguity as to the meaning of the language used by plaintiff to

describe his financial situation, I cannot conclude whether plaintiff is eligible to proceed without prepayment of fees.

3. Despite the filing fee not yet being paid or waived, I will consider the merits of this action. *See Brown v. Sage*, 941 F.3d 655, 659–60 (3d Cir. 2019) (noting that a court reviewing an IFP application "has the authority to dismiss a case 'at any time,' …. regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an [IFP] application in either order or even simultaneously"). Thus, I will screen the action to determine whether the Complaint: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When screening an action, the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

5. Here, the Complaint does not meet the above standards. Count one asserts "breach of performance," which appears to be a claim for breach of contract, and count two asserts breach of covenant of good faith and fair dealing. (ECF No. 1 pp. 4–6.) To establish a *prima facie* claim for breach of contract, a plaintiff "must allege (1) a contract [existed] between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Meanwhile, the implied covenant of good faith and fair dealing is a 'component of every contract' that requires both parties to a contract act in 'good faith[,]' that is, they must 'adher[e] to 'community standards of decency, fairness, or reasonableness.'" *Evonik Corp.*

*v. Hercules Grp., Inc.*, No. 16–07098, 2018 WL 5095991, at *9 (D.N.J. Oct. 18, 2018) (alterations in original) (quoting *Iliadis v. Wal-Mart Stores, Inc.*, 181 N.J. 88, 109 (2007)). To succeed on such a claim, "a party must prove that '(1) the [opposing party acted] in bad faith or with a malicious motive, (2) to deny the [party] some benefit of the bargain originally intended by the parties, even if that benefit was not an express provision of the contract." *Id.* (alteration in original) (quoting *Yapak, LLC v. Mass. Bay Ins. Co.*, 2009 WL 3366464, at *2 (D.N.J. Oct. 16, 2009)). To prevail on these counts, there needs to be an underlying contract. However, beyond plaintiff providing copies of a "Vehicle Purchase Agreement & Security Agreement" (ECF No. 1–8 pp. 1–6, 17–21) that are unsigned by defendant, there is no plausible allegation in the complaint or evidence in the attachments of a fully executed agreement with defendant. *See In re The Score Bd., Inc.*, 238 B.R. 585, 591 (D.N.J. 1999) (noting that a contract requires an offer, which must then be accepted by either a formal signature or performance). Plaintiff's claims are thus deemed to be frivolous. *Grayson,* 293 F.3d at 114 (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile).

Accordingly,

**IT IS** on this **27h** day of **May 2025** **ORDERED** that:

1. The Application (ECF No. 4) is **denied without prejudice.**

2. The Complaint (ECF No. 1) is **DISMISSED with prejudice**.

3. The Clerk of the Court is directed to **close** this action and send a copy of this Order to plaintiff by regular mail.

                                                   */s/ Edward S. Kiel*
                                                   **EDWARD S. KIEL**
                                                   **UNITED STATES DISTRICT JUDGE**